IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MICHAEL GILLILAND,              §
                                §
          Plaintiff,            §
                                §
v.                              §      CIVIL ACTION NO. H-07-1655
                                §
CORNELL COMPANIES, INC.,        §
                                §
          Defendant.            §

<u>**MEMORANDUM OPINION**</u>

Pending before the court[1] are Defendant's Motion for Partial Summary Judgment (Docket Entry No. 26), Plaintiff's Motion for Partial Summary Judgment Against Defendant's Counterclaims (Docket Entry No. 41), Plaintiff's Motion for Partial Summary Judgment on Defendant's Affirmative Defenses (Docket Entry No. 42), and Defendant's First Supplement to Defendant's Motion for Partial Summary Judgment (Docket Entry No. 49).  The court has considered the motions, all relevant filings, and the applicable law.  For the reasons set forth below, the court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motions for summary judgment, and **DENIES** Defendant's motions for summary judgment.

## I.  Case Background

This contract action arises out of a dispute between Michael Gilliland ("Plaintiff") and Cornell Companies, Inc.,

---

[1]     The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  Docket Entry No. 16.

("Defendant").[2]   Defendant is in the business of operating correctional and treatment facilities in Texas and other states.[3] Plaintiff sued Defendant for breach of contract, claiming that Defendant failed to pay him contractually obligated severance pay after terminating him without cause.[4]   Defendant denies that Plaintiff was terminated and asserts that Plaintiff voluntarily resigned.[5]

On October 20, 2004, Plaintiff and Defendant entered into an employment contract ("Employment Contract").[6] The Employment Contract described Plaintiff's employment as a regional/divisional director.[7]   In that capacity, Plaintiff supervised several different facilities[8] and was "responsible for the management of quality and profitable programs."[9]   Pursuant to the Employment Contract, if Defendant terminated Plaintiff without cause, Defendant was required to pay Plaintiff one year's salary as

---

[2]     Plaintiff's Original Complaint, Docket Entry No. 1, p. 3.

[3]     Defendant's Motion for Partial Summary Judgment, Docket Entry No. 26, p. 1.

[4]     Plaintiff's Original Complaint, Docket Entry No. 1, p. 3.

[5]     Defendant's Original Answer and Counterclaim, Docket Entry No. 5.

[6]     Plaintiff's Original Complaint, Docket Entry No. 1, Employment Contract, Ex. A.

[7]     Id. at p. 1, Art. I, § 1.2.

[8]     Defendant's Response to Plaintiff's Motion for Partial Summary Judgment on Defendant's Affirmative Defenses, Docket Entry No. 48, Deposition of Plaintiff, Ex. B, p. 181-82.

[9]     Plaintiff's Original Complaint, Docket Entry No. 1, Employment Contract, Ex. A, p. 1, Art. I, § 1.2.

severance pay.[10]  If Plaintiff voluntarily terminated the employment contract, Plaintiff would be not be entitled to the severance pay.[11]

While Plaintiff was still employed pursuant to the Employment Contract, during a work-related car ride, James Hyman ("Hyman"), CEO of Defendant, asked Plaintiff "what [he] would do if [he] ever left the business."[12]  Plaintiff responded that he had dreamed of owning a "gourmet food wagon or furniture business."[13]  A few weeks later, Laura Hall ("Hall"), Plaintiff's supervisor, asked Plaintiff about his plans to retire, and she informed Plaintiff that Hyman was under the impression that Plaintiff was going to retire.[14]  In response, Plaintiff asserted that he did not intend to retire.[15] About two weeks later, Hall asked Plaintiff about his plans to retire, explaining that Hyman was pushing for an answer, and that she did not "know how long [she] [could] put him off."[16]  Plaintiff again denied that he was planning to retire.[17]

---

[10]   Id. at Ex. A, p. 2, Art. II, § 2.1(d).

[11]   Id. at p. 2, Art. II, § 2.2(b).

[12]   Plaintiff's Response to Defendant's Motion for Partial Summary Judgment, Docket Entry No. 33, Affidavit of Plaintiff, Ex. A, p. 3, ¶ 8.

[13]   Id.

[14]   Id. at p. 3-4, ¶ 10.

[15]   Id.

[16]   Id. at p. 4, ¶ 11.

[17]   Id.

Approximately two to three weeks later, Hall again discussed Plaintiff's retirement.[18]   She told Plaintiff, "I couldn't put [Hyman] off any longer[,] and . . . he wants me . . . to advertise for a new Regional Director."[19]   Hall then informed Plaintiff that he was being terminated effective the last part of April 2006.[20] In later meetings with Marianne Bonetati ("Bonetati"), the managing director of human resources for Defendant,[21] Plaintiff reaffirmed that he had no plans of retiring.[22]

In late April of 2006, Plaintiff was terminated.[23]  Significant to the dispute, in early May of 2006, Plaintiff and Defendant entered into an independent contractor agreement ("Independent

---

[18]    Id. at p. 4, ¶ 12.

[19]    Id.

[20]    Id.

[21]    In Plaintiff's affidavit, he claims, in early 2006, that Bonetati was an attorney for Human Resources at Defendant.  Id. at p.1, ¶ 2.  This distinction is not material to the court's analysis.

[22]    Id. at p. 4-5, ¶¶ 12, 13.  Defendant presents a different version of the facts.  Bonetati avers, in her affidavit, that "[i]n early 2006, [she] personally had conversations with [Plaintiff] where he told [her] about his plans to move to Alaska to open a lunch wagon business and, [alternatively], to Washington state to pursue a furniture repair business."  Defendant's Motion for Partial Summary Judgment, Docket Entry No. 26, Affidavit of Marianne Bonetati, Ex. 1, p. 1 (unnumbered), ¶¶ 2,4. Defendant argues that the statements indicated that Plaintiff intended to terminate his employment with Defendant.  Therefore, Defendant claims it was taking steps to replace an employee who was voluntarily retiring.

[23]    Plaintiff's Response to Defendant's Motion for Partial Summary Judgment, Docket Entry No. 33, Affidavit of Plaintiff, Ex. A, p. 5, ¶ 16. According to Plaintiff, his termination was effective April 28, 2006.  Id. Defendant disputes that Plaintiff was terminated and asserts that Plaintiff voluntarily resigned.

4

Contractor Agreement").[24]   The Independent Contractor Agreement required Plaintiff to perform certain services related to increasing revenue sources and streams for Defendant's Adult Community-Based Services division.[25]

The Independent Contractor Agreement contained an integration clause.   The integration clause stated," [t]his Agreement constitutes the complete and exclusive statement of the agreement between the parties with regard to the matters set forth herein, and it supersedes all other agreements, proposals, and representations, oral or written, express or implied, with regard thereto."[26]   The Independent Contractor Agreement, however, made no specific reference to the Employment Contract.[27]   Plaintiff and Defendant then performed their obligations in accordance with the Independent Contractor Agreement.[28]

Plaintiff filed this lawsuit on May 16, 2007, alleging that Defendant breached the Employment Contract by terminating his

---

[24]   Defendant's Motion for Partial Summary Judgment, Docket Entry No. 26, Independent Contractor Agreement, Ex. 3.  In addition, the Independent Contractor Agreement contains a choice of law provision stating, "This contract will be governed by and construed in accordance with the laws of the State of Texas (without regard to Texas' principles of conflicts of laws)." Id. at p. 3, ¶ 11.

[25]   Id. at Ex. 3, Project Schedule, Ex. A, p. 1 (unnumbered), ¶ 1.

[26]   Id. at Ex. 3, p. 3, ¶ 16.

[27]   Id. at Ex. 3.

[28]   Defendant's Motion for Partial Summary Judgment, Docket Entry No. 26, p. 1.

employment without cause and failing to pay him severance pay.[29]
Defendant denied it breached the Employment Contract and filed a
counterclaim for breach of the Independent Contractor Agreement.[30]
Defendant and Plaintiff both move for summary judgment.

Before addressing the merits of the summary judgment motions,
the court must address the pending evidentiary issues.

## II. Objections to Affidavits

Defendant objects to Plaintiff's affidavit, and Plaintiff
objects to Bonetati's affidavit.  The court takes each objection in
turn.

Defendant objects to Plaintiff's affidavit arguing that the
affidavit is inadmissable parol evidence to the contracts.[31]  As
discussed below, this court finds the Independent Contractor
Agreement and Employment Contract unambiguous; therefore, to the
extent the affidavit constitutes parol evidence, the court does not
consider the affidavit in its interpretation of the Independent
Contractor Agreement and Employment Contract.

Defendant objects to Plaintiff's statements, in paragraphs ten
and twelve, about the conversations Plaintiff had with Hall, his
supervisor.[32]  Defendant argues that Hall is not a party to the

---

[29]    Plaintiff's Original Complaint, Docket Entry No. 1.

[30]    Defendant's Original Answer and Counterclaim, Docket Entry No. 5.

[31]    Defendant's Reply to Plaintiff's Response to Defendant's Motion for
Partial Summary Judgment, Docket Entry No. 36, p. 2-3.

[32]    Id. at p. 2.

6

case, is not presently employed or under control of Defendant, that the statements are inadmissable hearsay and conclusory.[33] The court disagrees.  The statements attributed to Hall were made within the course and scope of her employment with Defendant and constitute an admission by a party-opponent.   Fed.  R.  Evid.  801(d)(2). Plaintiff's other statements are not conclusory, but simply state facts from his perspective.

The court **OVERRULES** Defendant's objections to paragraphs ten and twelve.

In paragraphs fifteen and sixteen, Defendant objects to Plaintiff's statements that he was terminated and that the date of termination was April 28, 2006.[34]  Defendant argues the statements are incompetent, conclusory, and contradict a prior sworn answer to an interrogatory.[35]   The court finds no basis for Defendant's competency challenge, but agrees the statements are conclusory. However, the conclusions are factual conclusions and not legal conclusions, that, as discussed below, create a fact issue to be decided by the jury.

As to Defendant's argument that the statement contradicts a prior sworn answer to an interrogatory, the court disagrees with Defendant that the statements are contradictory.   According to

---

[33]   Id.

[34]   Id. at p. 2-3.

[35]   Id.

Plaintiff, he stated in the answer to the interrogatory that "Ms. Hall came back to me a few days later and advised me that she could not put Mr. Hyman off any longer and that I would be terminated on April 30, 2006 as an employee of [Defendant]."[36]   In Plaintiff's affidavit he states "[m]y last day work day and date of termination . . . was Friday, April 28, 2006.[37]   The statements are not contradictory.   In the interrogatory, Plaintiff is restating what he alleges he was told, and in his affidavit Plaintiff is stating the date, he believes, to be his last date of employment, not what he was told his last day would be.

The court **OVERRULES** Defendant's objections to paragraphs fifteen and sixteen.

Plaintiff objects to paragraphs five, six, and seven of Bonetati's affidavit for a number of reasons.[38]

In paragraph five, Plaintiff objects to the statement "[f]aced with Gilliland's resignation" because the statement is conclusory or hearsay.   The court agrees that the statement is conclusory, and as discussed below, whether Plaintiff resigned or was terminated is a factual determination to be made by the jury.

---

[36]     Plaintiff's Opposition to Defendant's Reply to Plaintiff's Response to Defendant's Partial Motion for Summary Judgment, Docket Entry No. 39, p. 3.

[37]     Plaintiff's Response to Defendant's Motion for Partial Summary Judgment, Docket Entry No. 33, Affidavit of Plaintiff, Ex. A, p. 3, ¶ 16.

[38]     Plaintiff's Response to Defendant's Motion for Partial Summary Judgment, Docket Entry No. 33, p. 3.

Additionally, Plaintiff objects to the statement starting with "Cornell sought to create a 'win-win' scenario" through the remainder of paragraph five, which discusses the reasons the parties entered into the Independent Contractor Agreement.[39] Plaintiff argues that Bonetati has not laid a predicate for her personal knowledge and that she is not competent to testify to those matters because she has not offered testimony or evidence indicating she has personal knowledge about what Defendant sought.[40] Therefore, Plaintiff argues, the statements are conclusory or hearsay.[41]  As Bonetati's affidavit fails to establish how she has personal knowledge of what Defendant sought, she is not competent to testify to its intentions.

The court **SUSTAINS** Plaintiff's objections to paragraph five.

Plaintiff objects to paragraph six, arguing it is conclusory, mere opinion, irrelevant, and constitutes parol evidence.[42] Specifically, Plaintiff objects to the stated employment dates and dates of execution for the various documents.[43]  Plaintiff argues, and this court agrees, that Defendant's documents establish the

---

[39]     Id. at p. 3-4.

[40]     Id.

[41]     Id.

[42]     Id. at p. 4-5.

[43]     Id.

actual dates of employment and execution dates for the agreements.[44] This court finds that the documents themselves provide the best evidence.  Additionally, Plaintiff argues the statement that the "independent contractor agreement effectively changed [Plaintiff's] status . . ." is conclusory or opinion and that the factual bases for the conclusion is not referred to in the affidavit.[45]  Whether the agreement changed Plaintiff's status is a matter of contract interpretation for the court.

The court **SUSTAINS** Plaintiff's objection to the first and third sentences of paragraph six.

In paragraph seven, Plaintiff objects to the statements concerning the terms of the earned bonus and the statement that the bonus "was specifically negotiated to cover [Plaintiff's] cost of relocating out of state—expenses that would not have been covered under the existing Employment Agreement when [Plaintiff] voluntarily resigned."[46]  Plaintiff argues the statements are hearsay and parol evidence.[47]  Unless the court finds an ambiguity in the Independent Contractor Agreement or the Employment Contract, which it does not, the court need not consider the purpose behind the contract provision.  Additionally, the interpretation of the

---

[44]    Id. at 4.

[45]    Id. at 5.

[46]    Id.

[47]    Id.

10

contracts is a matter of law for the court.  Finally, as previously stated, whether Plaintiff resigned or was terminated is for the jury to decide.

The court **SUSTAINS** Plaintiff's objections to paragraph seven.

### III.   Summary Judgment Standard

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Brown v. City of Houston, Tex., 337 F.3d 539, 540-41 (5th Cir. 2003).  A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  To be genuine, the dispute regarding a material fact must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party.  Id. at 250.

The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues.  Celotex Corp., 477 U.S. at 323; Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992).  If the moving party can show an absence of record evidence in support of one or more elements of the case for which the nonmoving party bears the burden, the movant will be entitled

11

to summary judgment. <u>Celotex Corp.</u>, 477 U.S. at 322. In response to a showing of lack of evidence, the party opposing summary judgment must go beyond the pleadings and proffer evidence that establishes each of the challenged elements of the case, demonstrating that genuine issues of material fact do exist which must be resolved at trial. <u>Id.</u> at 324.

When considering the evidence, "[d]oubts are to be resolved in favor of the nonmoving party, and any reasonable inferences are to be drawn in favor of that party." <u>Evans v. City of Houston</u>, 246 F.3d 344, 348 (5th Cir. 2001); <u>see also</u> <u>Boston Old Colony Ins. Co. v. Tiner Assocs. Inc.</u>, 288 F.3d 222, 227 (5th Cir. 2002). The court should not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." <u>Honore v. Douglas</u>, 833 F.2d 565, 567 (5th Cir. 1987).

The nonmoving party, however, must show more than "some metaphysical doubt as to the material facts." <u>Meinecke v. H & R Block of Houston</u>, 66 F.3d 77, 81 (5th Cir. 1995). Conclusory allegations, unsubstantiated assertions, improbable inferences, unsupported speculation, or only a scintilla of evidence will not carry this burden. <u>Brown</u>, 337 F.3d at 541; <u>Ramsey v. Henderson</u>, 286 F.3d 264, 269 (5th Cir. 2002). The court must grant summary judgment if, after an adequate period of discovery, the nonmovant fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party

12

will bear the burden of proof at trial." <u>Celotex Corp.</u>, 477 U.S. at 322.

## IV.   Analysis

### A.   Plaintiff's Breach of Contract Claim

Plaintiff alleges that Defendant breached the Employment Contract by terminating him without cause and failing to pay him severance pay and benefits.[48]   Plaintiff and Defendant both filed motions for summary judgment.[49]   Defendant argues that Plaintiff's claim fails as a matter of law because Plaintiff voluntarily resigned his employment.[50]   Additionally, Defendant argues that summary judgment should be granted because the Independent Contractor Agreement expressly superseded the Employment Contract.[51] Lastly, Defendant presents a laundry list of defenses that it argues bars Plaintiff's claim.   The court takes the arguments in turn.

### 1.   Voluntarily Resignation

---

[48]   Plaintiff's Original Complaint, Docket Entry No. 1, p. 3.

[49]   Defendant's Motion for Partial Summary Judgment, Docket Entry No. 26; First Supplement to Defendant's Motion for Partial Summary Judgment, Docket Entry No. 49; Plaintiff's Motion for Partial Summary Judgment on Defendant's Counterclaims, Docket Entry No. 41; Plaintiff's Motion for Partial Summary Judgment on Defendant's Affirmative Defenses, Docket Entry No. 42.

[50]   Defendant's Motion for Partial Summary Judgment, Docket Entry No. 26, p. 9.

[51]   <u>Id.</u> at p. 8-16.

Defendant argues that summary judgment is proper, because the facts show that Plaintiff voluntarily resigned.[52]  Plaintiff argues that he was terminated.[53]

Defendant asserts that, in early 2006, Plaintiff informed Defendant that he intended to resign and move to the Pacific Northwest.[54]  In her affidavit, Bonetati avers that she had conversations with Plaintiff wherein he told her about his plans to move to either Alaska or Washington state.[55]

In contrast, Plaintiff avers that he had no intention of retiring and that he was terminated.[56]  Plaintiff states that, in January 2006, Hyman asked Plaintiff "what [he] would do if [he] ever left the business."[57]  Plaintiff responded that he had always dreamed of owning a "gourmet food wagon or furniture business."[58]  A few weeks later, Laura Hall ("Hall"), Plaintiff's supervisor, asked Plaintiff about his plans to retire, and she informed Plaintiff that Hyman was under the impression that Plaintiff was

---

[52]    Id. at p. 9-11.

[53]    Plaintiff's Response to Defendant's Motion for Partial Summary Judgment, Docket Entry No. 33, p. 8.

[54]    Defendant's Motion for Partial Summary Judgment, Docket Entry No. 26, p. 10.

[55]    Id. at Affidavit of Marianne Bonetati, Ex. 1, p.  1 (unnumbered), ¶ 4.

[56]    Plaintiff's Response to Defendant's Motion for Partial Summary Judgment, Docket Entry No. 33, Affidavit of Plaintiff, Ex. A, p. 5, ¶ 15.

[57]    Id. at p. 3, ¶ 8.

[58]    Id.

going to retire.[59]  In response, Plaintiff asserted that he did not intend to retire.[60]

Subsequently, Hall again asked Plaintiff about his plans to retire, and Plaintiff steadfastly denied that he was planning to retire.[61]  Plaintiff avers that in later meetings he reaffirmed that he had no plans to retire.[62]

Based on the conflicting evidence regarding the conversations between Plaintiff and employees of Defendant, the court finds a fact issue exists regarding whether Plaintiff resigned or was terminated.   Having found a fact issue, summary judgment is improper.

**2.   Express Supersession**

Defendant argues that the Independent Contractor Agreement expressly superseded the Employment Contract.   Plaintiff refutes the assertion.

Whether the Independent Contractor Agreement supersedes the Employment Contract depends on contract interpretation. Agreements, such as the Independent Contractor Agreement and Employment Contract, are subject to well-settled rules of interpretation.

---

[59]     Id. at p. 3-4, ¶ 10.

[60]     Id.

[61]     Id. at p. 4, ¶ 11.

[62]     Id. at p. 4-5, ¶ 13.

15

In construing a written contract, the primary concern of the court is to uncover the parties' intentions as expressed in the instrument.  <u>Gulf Ins. Co. v. Burns Motors, Inc.</u>, 22 S.W.3d 417, 423 (Tex. 2000); <u>Lenape Res. Corp. v. Tenn. Gas Pipeline Co.</u>, 925 S.W.2d 565, 574 (Tex. 1996).  "To achieve this objective, courts should examine and consider the entire writing in an effort to harmonize and give effect to all provisions of the contract . . . ."  <u>Coker v. Coker</u>, 650 S.W.2d 391, 393 (Tex. 1983)(emphasis removed).  "No single provision will be given controlling effect; rather, all provisions must be considered with reference to the whole instrument."  <u>Id.</u>  The terms of an agreement are to be given their plain grammatical meanings unless the instrument indicates that the terms have been used in some other sense.  <u>See</u> <u>Fed. Ins. Co. v. Srivastava</u>, 2 F.3d 98, 101 (5th Cir. 1993) (applying Texas law); <u>DeWitt County Elec. Co-op., Inc., v. Parks</u>, 1 S.W.3d 96, 101 (Tex. 1999).

If the wording of a contract can be given a definite or certain legal meaning, it is unambiguous.  <u>Wal-Mart Stores, Inc. v. Sturges</u>, 52 S.W.3d 711, 728 (Tex. 2001); <u>DeWitt County Elec. Co-op., Inc.</u>, 1 S.W.3d at 100; <u>Lenape Res. Corp.</u>, 925 S.W.2d at 574. In such a case, the contract will be construed as a matter of law. <u>Coker</u>, 650 S.W.2d at 393.

"Whether a contract is ambiguous is a question of law for the court to decide by looking at the contract as a whole in light of

16

the circumstances present when the contract was entered [into]."
Id. at 394.  Only if the meaning is uncertain and doubtful or
reasonably susceptible to more than one interpretation is the
contract ambiguous.  DeWitt County Elec. Co-op., Inc., 1 S.W.3d at
100; Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd., 940
S.W.2d 587, 589 (Tex. 1996).  "A term is not ambiguous because of
a simple lack of clarity."  DeWitt County Elec. Co-op., Inc., 1
S.W.3d at 100.

In addition, an ambiguity does not arise simply because the
parties advance conflicting interpretations of the contract.
Harris v. Parker Coll. of Chiropractic, 286 F.3d 790, 793 (5th Cir.
2002)(applying Texas law); Wal-Mart Stores, Inc., 52 S.W.3d at 728.
Instead, the court must determine whether a contract is susceptible
to two or more reasonable interpretations based on the document as
a whole in light of the circumstances surrounding its formation.
See Instone Travel Tech Marine & Offshore v. Int'l Shipping
Partners, Inc., 334 F.3d 423, 431 (5th Cir. 2003)(applying Texas
law); Gulf Ins. Co., 22 S.W.3d at 423; DeWitt County Elec. Co-op.,
Inc., 1 S.W.3d at 100; Lenape Res. Corp., 925 S.W.2d at 574.  If
the contract contains an ambiguity, summary judgment is improper
"because the interpretation of the instrument becomes a fact
issue."  Coker, 650 S.W.2d at 393. (citing Harris v. Rowe, 593
S.W.2d 303, 306 (Tex. 1979)).

Defendant bases its supersession argument on the integration provision in the Independent Contractor Agreement.[63]  The clause is as follows:

> This Agreement constitutes the complete and exclusive statement of the agreement between the parties with regard to the matters set forth herein, and it supersedes all other agreements, proposals, and representations, oral or written, express or implied, with regard thereto.[64]

In this instance, the Independent Contractor Agreement and Employment Contract can be given a definite or certain legal meaning and are unambiguous.  Wal-Mart Stores, Inc., 52 S.W.3d at 728.  Therefore, the contracts will be construed as a matter of law, and this court will not consider any extraneous evidence when interpreting the contracts.  Coker, 650 S.W.2d at 393.

Applying Texas principles of contract interpretation, this court disagrees with Defendant's interpretation that the Independent Contractor Agreement supersedes the Employment Contract.

The integration clause at issue in this case is not universally broad and contains language limiting its scope.  The integration clause is limited as the "complete and exclusive statement of the agreement between the parties with regard to *the*

---

[63]     Defendant's Motion for Partial Summary Judgment, Docket Entry No. 26, Independent Contractor Agreement, Ex. 3, p.  3, ¶ 16.

[64]     Id.

matters set forth herein."[65]   Based on the entire contract, "the
matters set forth herein" refers to the Plaintiff's independent
contractor relationship with the Defendant.[66]   According to the
Independent Contractor Agreement, Plaintiff was to provide
"services related to increasing revenue sources and streams for the
Adult Community-Based Services division . . . ."[67]   In contrast,
Plaintiff's Employment Contract was related to his position as a
regional/divisional director.[68]   In that capacity, Plaintiff was
"responsible for the management of quality and profitable
programs."  The Independent Contractor Agreement and the Employment
Contract govern two different relationships and two different job
duties.

     As a matter of law, the Independent Contractor Agreement is
the entire agreement only as to Plaintiff's independent contractor
relationship with Defendant and the performance of his job duties
set forth in exhibit A of that agreement.   Therefore, the
Independent Contractor Agreement does not expressly supersede the
Employment Contract, and summary judgment for Defendant is
improper.

**3.   Merger Doctrine**

---

[65]     Id. (emphasis added).

[66]     Id.

[67]     Id. at Project Schedule, Ex. A, p. 1 (unnumbered), ¶ 1.

[68]     Defendant's Motion for Partial Summary Judgment, Docket Entry No. 26,
Employment Contract, Ex. 2, p. 1, Art. I.

Defendant seeks summary judgment on the grounds that the Independent Contractor Agreement superseded the Employment Contract through the merger doctrine.[69]   Plaintiff also seeks summary judgment on this issue, claiming that Defendant cannot establish all the elements of merger.[70]

In Texas, integration clauses contractually memorialize the doctrine of merger. Smith v. Smith, 794 S.W.2d 823, 828 (Tex. App.—Dallas, 1990, no writ). "Merger refers to the absorption of one contract into another subsequent contract and is largely a matter of the intention of the parties." Kona Tech. Corp. v. S. Pac. Transp. Co., 225 F.3d 595, 612 (5th Cir. 2000) (applying Texas law).   In order for two contracts to merge, the subsequent contract: (1) must be between the same parties as the first contract; (2) must embrace the same subject matter; and (3) must have been so intended by the parties.   Id.

Regarding the first element, both contracts are between the same parties.   As to the second element, as stated above, the subject matters of the Employment Contract and the Independent

_____

[69]   Defendant's Motion for Partial Summary Judgment, Docket Entry No. 26, pp. 11-14.

[70]   Plaintiff's Motion for Partial Summary Judgment on Defendant's Affirmative Defenses, Docket Entry No. 42, p. 14-20.   In addition, Plaintiff objects to Defendant's reliance on the merger doctrine.   Plaintiff argues the merger doctrine is an affirmative defense that was not properly presented in Defendant's Original Answer.   Plaintiff's argument is without merit.   Defendant put the merger doctrine in issue by arguing, in the counterclaim section of Defendant's answer, that "[t]he Independent Contractor Agreement contains a merger clause and expressly supersedes all prior agreements between the parties . . . ."   Defendant's Original Answer and Counterclaim, Docket Entry No. 5, p. 4.

Contractor Agreement are different.  The Employment Contract addresses Plaintiff's employment with Defendant as a regional/divisional director.[71]  In contrast, the Independent Contractor Agreement is limited to Plaintiff's independent contractor relationship with Defendant and the services specified in the project schedule.[72]

Finally, there is no language in the contracts that suggests Plaintiff and Defendant intended the two contracts to merge.  The Independent Contractor Agreement never mentions the Employment Contract, and there are no other expressions, within the contract language, of the party's intent to have the contracts merge.

Defendant argues that R. Ready Productions, Inc. v. Cantrell, is dispositive on this issue; however, R. Ready is distinguishable based on the differences in the scope of the integration clauses. 85 F.Supp.2d 672 (S.D. Tex. 2000).  In R. Ready, one of the claims was for breach of contract.  Id. at 693-94.  Similar to this case, one of the issues was whether a later, May 1995 agreement, that contained an integration clause, superseded an earlier, March 6th agreement.  Id. at 693-94.  The parties in R. Ready agreed "that the purpose of the May 1995 contract was to permit [the defendant]

_____

[71]    Plaintiff's Original Complaint, Docket Entry No. 1, Employment Contract, Ex. A, p. 1, Art. I, § 1.2.

[72]    Defendant's Motion for Partial Summary Judgment, Docket Entry No. 26, Independent Contractor Agreement, Ex. 3, Project Schedule, Ex. A, p. 1 (unnumbered), ¶ 1.

to switch roles from an employee to an independent contractor . . . ." <u>Id.</u> at 694.

The defendants argued, based on the integration clause, "that [the] [p]laintiffs' contract claim [was] without merit because the March 6th contract explicitly was superceded by the subsequent May 1995 contract." <u>Id.</u> at 693.  The plaintiff argued that the two contracts were separate agreements that covered different aspects of the employment. <u>Id.</u> at 694.  The integration clause at issue in <u>R. Ready</u> provided as follows: "[t]he within Agreement shall be construed in accordance with Texas law and shall constitute the entire agreement between the parties." <u>Id.</u>

The court noted that the May 1995 contract was drafted by the plaintiff, who was seeking to enforce the terms of the first agreement, and that the May 1995 "agreement expressly included a broad integration clause that did not make any exceptions." <u>Id.</u> Additionally, the court stated that "[t]he language of the May 1995 contract, the parties' later agreement, clearly intends to supersede the March 6th agreement altogether." <u>Id.</u>

<u>R. Ready</u> is distinguishable from the case before this court because of the breadth of the integration clause and because the integration clause in <u>R. Ready</u> contained no limiting language. <u>Id.</u> at 693-94.  The integration clause in the case before this court is not universally broad and expressly limits its scope "to the

22

matters set forth herein."[73]  "[T]he matters set forth herein," as this court has previously determined, refers to the Plaintiff's independent contractor relationship with the Defendant and the projects outlined in exhibit A.[74]

In addition, the R. Ready case describes the contracts at issue in that case as having the same general subject matter, that is, the party's employment with the company.  Id. at 694.  This court declines to take such a broad interpretation of the subject matters of the Independent Contractor Agreement and the Employment Contract.  Therefore, R. Ready is distinguishable from the present case, and this court declines to follow its reasoning.

Because Defendant did not present sufficient summary judgment evidence on each element of the merger doctrine, Plaintiff's motion for summary judgment on Defendant's merger defense should be granted.

**4.   Novation**

Defendant and Plaintiff both move for summary judgment on Defendant's novation defense.  Defendant argues that it can present sufficient evidence on each element of novation.[75]  In addition, Defendant argues that the Independent Contractor Agreement is a novation to the Employment Contract because the two agreements are

---

[73]   Id. at Ex. 3, p.  3, ¶ 16.

[74]   Id. at Ex. 3, Project Schedule, Ex. A.

[75]   Defendant's Motion for Partial Summary Judgment, Docket Entry No. 26, p. 14-16.

so fundamentally inconsistent that the two agreements cannot subsist together.[76]   Plaintiff responds that Defendant cannot present sufficient evidence as to all the elements of novation.[77] In the alternative, Plaintiff argues that Defendant cannot prove the parties intended the Independent Contractor Agreement to be a novation of the Employment Contract.[78]

Novation is an affirmative defense to a breach of contract claim.  Fulcrum Central v. Autotester, Inc., 102 S.W.3d 274, 277 (Tex. App.—Dallas, 2003, no pet.) (citing Honeycutt v. Bilingsley, 992 S.W.2d 570, 576 (Tex. App.—Houston [1st Dist.] 1999, pet. denied)).  Pursuant to Texas law, a party asserting novation as a defense bears the burden of proof.  CTTI Priesmeyer, Inc. v. K & O Ltd. P'Ship, 164 S.W.3d 675, 680-81 (Tex. App.—Austin, 2005, no pet.)(citing Honeycutt, 992 S.W.2d at 576.  The party asserting novation must show: (1) a previous, valid obligation; (2) a mutual agreement among the parties to accept a new contract; (3) the extinguishment of the old contract; and (4) the validity of the new contract.  Vickery v. Vickery, 999 S.W.2d. 342, 356 (Tex. 1999). In order for a novation to be valid, the parties must intend to release the other party from a prior obligation.  Allied Elevator,

---

[76]   Id.

[77]   Plaintiff's Motion for Partial Summary Judgment on Defendant's Affirmative Defenses, Docket Entry No. 42, p. 11-13.

[78]   Id.

24

<u>Inc. v. East Texas State Bank of Buna</u>, 965 F.2d 34, 37 (5th Cir. 1992)(applying Texas law).

"Whether a later agreement works a novation of an earlier one is a question of intent." <u>CTTI Priesmeyer, Inc.</u>, 164 S.W.3d at 681 (citing <u>Allstate Ins. Co. v. Clarke</u>, 471 S.W.2d 901, 907 (Tex. Civ. App.—Houston [1[st] Dist.] 1971, writ ref'd n.r.e.).   A court may infer novation, when a "new agreement is so inconsistent with the earlier agreement that the two cannot subsist together." <u>CTTI Priesmeyer, Inc.</u>, 164 S.W.3d at 681**.**  If there are no inconsistent provisions, ". . . a second contract will operate as a novation of a first contract only when the parties to both contracts intend and agree that the obligations of the second shall be substituted for and operate as a discharge . . . of the first**." <u>Id.</u>** at 680-81 (citing <u>Chastain v. Cooper & Reed</u>, 257 S.W.2d 422, 424 (Tex. 1953)).  **"**The intent must be clear; novation is never presumed." <u>Id.</u>

Defendant presents sufficient evidence that the Employment Contract was a previous valid obligation, that the parties mutually agreed to a new contract, and that the Independent Contractor Agreement was a new valid contract.  However, Defendant has not presented sufficient evidence that the Independent Contractor Agreement extinguished the Employment Contract.[79]  As found above,

---

[79]    Defendant's Reply to Plaintiff's Response to Defendant's Motion for Partial Summary Judgment, Docket Entry No. 36, p. 7-8.

as a matter of law, the Independent Contractor Agreement did not supersede the Employment Contract.   Based on the same rationale, this court finds that the Independent Contractor Agreement does not extinguish the Employment Contract under a novation theory.

In support of Defendant's contention that the two contracts are so fundamentally inconsistent that the court should infer novation, Defendant argues that the provisions related to Plaintiff's job duties, the term and termination provisions of the contracts, the compensation scheme, the non-compete clause, and Plaintiff's employment status are fundamentally inconsistent.[80]

Here the Independent Contractor Agreement and Employment Contract are not inconsistent.   The two contracts relate to different matters at different times.   As stated above, the Independent Contractor Agreement relates to Plaintiff's position providing services related to increasing revenue sources for Defendant's Adult Community-Based Services division.[81]   In contrast, the Employment Contract governed Plaintiff's employment as a regional/divisional director.[82]   Because the two contracts govern to wholly different subject areas, the Employment Contract and the Independent Contractor Agreement are not inconsistent.

---

[80]   Defendant's Motion for Partial Summary Judgment, Docket Entry No. 26, p. 15-16.

[81]   Id. at Independent Contractor Agreement, Ex. 3, Project Schedule, Ex. A, p. 1 (unnumbered), ¶ 1.

[82]   Plaintiff's Original Complaint, Docket Entry No. 1, Employment Contract, Ex. A, p. 2, Art. I, § 1.2.

Having found that the two contracts do not contain inconsistent provisions, the Independent Contractor Agreement will operate as a novation of the Employment Contract "only when the parties to both contracts intend and agree that the obligations of the second shall be substituted for and operate as a discharge . . . of the first." Id. In this instance, there is neither express language nor any indication in the Independent Contractor Agreement that the parties intended it to be a novation of the Employment Contract.

The Independent Contractor Agreement and the Employment Contract are not inconsistent and Defendant has failed to present sufficient summary judgment evidence that the parties intended the Independent Contractor Agreement to replace the Employment Contract. Therefore, summary judgment is proper for Plaintiff on Defendant's novation defense.

**5.   Accord and Satisfaction**

Plaintiff moves for summary judgment on Defendant's accord and satisfaction claim. Plaintiff argues that the summary judgment evidence is not sufficient to prove a claim of accord and satisfaction.[83] Defendant responds that fact issues support all the elements of accord and satisfaction.[84]

---

[83]   Plaintiff's Motion for Partial Summary Judgment on Defendant's Affirmative Defenses, Docket Entry No. 42, p. 5.

[84]   Defendant's Response to Plaintiff's Motion for Partial Summary Judgment on Defendant's Affirmative Defenses, Docket Entry No. 48, p. 3.

Pursuant to Texas law, accord and satisfaction is applicable as a contract defense "when the parties have entered into a new contract, express or implied, which discharges the obligations under the original contract in a manner otherwise than as originally agreed." Baylor Health Care Sys. v. Employers Reinsurance, 492 F.3d 318, 321 (5th Cir. 2007)(internal quotations omitted)(citing Womco, Inc. v. Navistar Int'l Corp., 84 S.W.3d 272, 280 (Tex. App.—Tyler 2002, no pet.)(citing Harris v. Rowe, 593 S.W.2d 303, 306 (Tex. 1979))). "The 'accord' is the new contract in which the parties mutually agree that one party will give and the other will accept something that is different from what each expected from the old contract." Id. "The 'satisfaction' is the actual performance of the new agreement." Id.

In order to establish accord and satisfaction, "[t]here must be an 'unmistakable communication' establishing that performance according to the terms of the new agreement will satisfy the underlying obligation created by the original contract." Baylor Health Care Sys., 492 F.3d at 321 (citing Pate v. McClain, 769 S.W.2d 356, 362 (Tex. App.—Beaumont 1989, writ denied)). The communication "must be plain, definite, certain, clear, full, explicit, not susceptible to any other interpretation, and accompanied by acts and declarations that [the parties are] sure to understand." Id. (internal quotations omitted). An explicit statement that the new contract supersedes the original contract is

28

not necessary. <u>Baylor Health Care Sys.</u>, 492 F.3d at 321 (citing <u>Womco, Inc.</u>, 84 S.W.3d at 280. "[C]ourts may look to the circumstances surrounding the execution of the new agreement to determine if there has been an agreement to discharge the original obligation." <u>Id.</u> "When the parties' intent is 'resting in implication,' however, the circumstantial evidence must 'irresistibly point to the conclusion' that, in reaching a new agreement, the parties assented to a complete discharge of the original obligation." <u>Baylor Health Care Sys.</u>, 492 F.3d at 321.

Defendant argues that if a fact issue exists on Plaintiff's breach of contract claim, then a fact issue also exists on Defendant's remaining obligations under the Employment Contract, making Plaintiff's motion for summary judgment on Defendant's accord and satisfaction defense inappropriate.[85] Defendant alternatively argues that a fact issue exists on the accord and satisfaction defense because Plaintiff agreed to the Independent Contractor Agreement which Defendant claims replaced the obligations under the Employment Contract.[86]

Defendant assertions are without merit. Defendant has failed to present sufficient evidence to create a fact issue regarding its accord and satisfaction defense. Defendant has not presented any evidence of an 'unmistakable communication' that would permit a

---

[85]   <u>Id.</u> at p. 4.

[86]   <u>Id.</u>

29

reasonable jury to conclude that performance of the Independent Contractor Agreement would satisfy Defendant's obligation under the Employment Contract. <u>Baylor Health Care Sys.</u>, 492 F.3d at 321 (citing <u>Pate</u>, 769 S.W.2d at 362.

This court is also mindful that an explicit statement that the Independent Contractor Agreement replaces the Employment Contract is not necessary. <u>Baylor Health Care Sys.</u>, 492 F.3d at 321 (citing <u>Womco, Inc.</u>, 84 S.W.3d at 280). In this case, the parties intent is "resting in implication." Therefore, Defendant's circumstantial evidence must "irresistibly" point to the conclusion that the parties assented to a complete discharge of the Employment Contract by signing the Independent Contractor Agreement. <u>Baylor Health Care Sys.</u>, 492 F.3d at 321. Defendant has failed to present any evidence beyond mere conclusory allegations, unsubstantiated assertions, and improbable inferences that the Independent Contractor Agreement was an accord and satisfaction of the Employment Contract. <u>Brown</u>, 337 F.3d at 541; <u>Ramsey</u>, 286 F.3d at 269.

Therefore, summary judgment is proper for Plaintiff on Defendant's accord and satisfaction defense.

## 6.   Ratification

Plaintiff moves for summary judgment on Defendant's ratification defense. Plaintiff argues that ratification is not a

valid defense to Plaintiff's breach of Employment Contract claim.[87] As the court understands Defendant's argument, Defendant is arguing that Plaintiff ratified the Independent Contractor Agreement by performance, and, therefore, the terms of the Independent Contractor Agreement are binding on Plaintiff in regard to the Employment Contract.[88]

"Ratification occurs when a party recognizes the validity of a contract by acting under it, performing under it, or affirmatively acknowledging it. Wetzel v. Sullivan, King & Sabom, P.C., 745 S.W.2d 78, 81 (Tex. App.—Houston [1st Dist.], 1988, no writ).

Defendants arguments are without merit. As stated above, the Independent Contractor Agreement and the Employment Contract are distinct agreements covering different subject matters. Whether Plaintiff ratified the Independent Contractor Agreement by performing under it has no bearing on Plaintiff's claim for breach of the Employment Contract, because the contracts are separate agreements.

Therefore, summary judgment is proper for Plaintiff on Defendant's ratification defense.

## 7.  Waiver

---

[87]    Plaintiff's Motion for Partial Summary Judgment on Defendant's Affirmative Defenses, Docket Entry No. 42, p. 7.

[88]    Defendant's Response to Plaintiff's Motion for Partial Summary Judgment on Defendant's Affirmative Defenses, Docket Entry No. 48, p. 5.

Plaintiff moves for summary judgment on Defendant's waiver defense.  Plaintiff argues that there are no facts to support waiver.[89]  Defendant argues Plaintiff waived his rights pursuant to the Employment Contract by signing the Independent Contractor Agreement, which expressly superseded the Employment Contract and by telling Hyman he was resigning from Defendant.[90]

"Waiver is an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." <u>Sun Exploration & Prod. Co. v. Benton</u>, 728 S.W.2d 35, 37 (Tex. 1987). Whether a waiver occurs is ordinarily "a question of fact, based upon what is said and done."  <u>Guzman v. Ugly Duckling Car Sales of Texas, L.L.P.</u>, 63 S.W.3d 522, 528 (Tex. App.—San Antonio, 2001, pet. denied). "In order to establish a waiver of rights under a contract, there must be proof of an intent to relinquish a known right."  <u>Roberts v. Clark</u>, 188 S.W.3d 204, 213 (Tex. App.—Tyler, 2002, pet. denied).  "In determining if a waiver has . . . occurred, the court must examine the acts, words or conduct of the parties, and it must be 'unequivocally manifested' that it is the intent of the party to no longer assert the right." <u>Guzman</u>, 63 S.W.3d at 528 (quoting <u>Enterprise-Laredo Assocs. v. Hachar's Inc.</u>, 839 S.W.2d 822, 836 (Tex. App.—San Antonio 1992, writ denied)).

---

[89]     Plaintiff's Motion for Partial Summary Judgment on Defendant's Affirmative Defenses, Docket Entry No. 42, p. 7-11.

[90]     Defendant's Response to Plaintiff's Motion for Partial Summary Judgment on Defendant's Affirmative Defenses, Docket Entry No. 48, p. 6-7.

As stated above, a fact issue exists whether Plaintiff voluntarily resigned his employment with Defendant or was terminated. A reasonable jury could conclude that Plaintiff voluntarily resigned and intended to waive his contractual rights in the Employment Contract. Therefore, Defendant has presented evidence that raises a fact issue on whether Plaintiff waived his contractual rights.

Because a fact issue exists on waiver, summary judgment is improper.

**8.   Equitable Estoppel**

Plaintiff moves for summary judgment on Defendant's equitable estoppel claim. Plaintiff argues that there are not sufficient facts to support Defendant's equitable estoppel defense.[91] Defendant argues that Plaintiff is estopped from asserting his contractual rights under the Employment Contract, because he agreed to and received the benefit of the Independent Contractor Agreement.[92]

"Estoppel is defined . . . as conduct which causes the other party to materially alter his position in reliance on that conduct." Roberts, 188 S.W.3d at 213. To establish equitable estoppel a party "must prove (1) a false representation or

---

[91]   Plaintiff's Motion for Partial Summary Judgment on Defendant's Affirmative Defenses, Docket Entry No. 42, p. 7-11.

[92]   Defendant's Response to Plaintiff's Motion for Partial Summary Judgment on Defendant's Affirmative Defenses, Docket Entry No. 48, p. 8-9.

concealment of material facts, (2) made with knowledge, actual or constructive, of those facts, (3) with the intention that it should be acted on, (4) to a party without knowledge, or the means of knowledge of those facts, (5) who detrimentally relied upon the misrepresentation." Schroeder v. Texas Iron Works, Inc., 813 S.W.2d 483, 489 (Tex. 1991).

In this case, Defendant presents sufficient evidence to create a fact issue on its equitable estoppel defense. As to the first element, Defendant claims Plaintiff made a false representation when he told Defendant he intended to leave the company and move to Alaska to open a business.[93] Hyman averred, in his deposition, that Plaintiff told him he intended to resign his employment and move to Alaska.[94] Defendant satisfies the second element, by contending that Plaintiff made the statement with actual or constructive knowledge that he did not intend to retire.[95] As to the third element, Defendant asserts that Plaintiff made the false statement intending that Defendant would make an agreement with him regarding his employment.[96] In regards to the fourth element, Defendant had no way of learning that Plaintiff did not intend to retire, because

---

[93]    Id. at p. 9.

[94]    Id. at Deposition of Hyman, Ex. C, p. 44-45.

[95]    Defendant's Response to Plaintiff's Motion for Partial Summary Judgment on Defendant's Affirmative Defenses, Docket Entry No. 48, p. 8-9.

[96]    Id.

Plaintiff was the only person who knew his true intent.[97]  Lastly, Defendant detrimentally relied on Plaintiff's statement by offering him a position as an independent contractor and paying him pursuant to the Independent Contractor Agreement.[98]

A reasonable jury could conclude that Plaintiff should be estopped from asserting his rights under the Employment Contract. Therefore, summary judgment is improper for Plaintiff.

**9.    Voluntary Termination and Offset**

Plaintiff argues that voluntary termination and offset are not affirmative defenses and should be stricken.[99]

As noted above, whether Plaintiff voluntary resigned is a fact issue that cannot be decided at the summary judgment stage.  In addition, the burden at trial to prove any offset to damages is on Defendant.  It is of no consequence that Defendant may have improperly titled the arguments as affirmative defenses.  This court declines to entertain Plaintiff's technical distinction; therefore, the court denies Plaintiff's motion to strike voluntary termination and offset as affirmative defenses.

**B.    Declaratory Judgment**

Defendant seeks a declaratory judgment that the Independent Contractor Agreement superseded the Employment Contract and that

---

[97]     Id.

[98]     Id.

[99]     Plaintiff's Motion for Partial Summary Judgment on Defendant's Affirmative Defenses, Docket Entry No. 42, p. 13-14.

the Independent Contractor Agreement provides the exclusive basis for the contractual rights of the parties.[100]   The parties filed cross motions for summary judgment on the declaratory judgment action.

Having found that the Independent Contractor Agreement does not supersede the Employment Contract, the court grants Plaintiff's motion for summary judgment on Defendant's declaratory judgment action and denies Defendant's motion.

## C.   Defendant's Breach of Contract Counterclaim

Plaintiff and Defendant move for summary judgment on Defendant's breach of contract counterclaim.[101]   Defendant argues that Plaintiff breached the Independent Contractor Agreement by suing to enforce the terms of the superseded Employment Contract, because the Independent Contractor Agreement contains an implied covenant not to sue.[102]

According to Texas law, "[t]he essential elements in a breach of contract claim are as follows: (1) the existence of a valid contract;(2) that the plaintiff performed or tended performance; (3) that the defendant breached the contract; and (4) that the

---

[100]   Defendant's Motion for Partial Summary Judgment, Docket Entry No. 26, p. 16.

[101]   Plaintiff's Motion for Partial Summary Judgment on Defendant's Counterclaims, Docket Entry No. 41, p. 6-14; Defendant's Motion for Partial Summary Judgment, Docket Entry No. 26, p. 16-17.

[102]   Defendant's Original Answer and Counterclaim, Docket Entry No. 5, p. 5, ¶ 22.

plaintiff was damaged as a result of the breach." Bridgmon v.
Array Sys. Corp., 325 F.3d 572, 577 (5th Cir. 2003)(internal
quotations omitted).

Implied covenants are not favored under Texas law. Case Corp.
v. Hi-Class Business Sys. of America, Inc., 184 S.W.3d 760, 770
(Tex. App.—Dallas 2005, pet. denied). In order to determine the
obligations of the contracting parties, courts generally look only
to the written agreement. Universal Health Serv., Inc. v.
Renaissance Women's Group, P.A., 121 S.W.3d 742, 747 (2003). "In
rare circumstances, however, a court may imply a covenant in order
to reflect the parties' real intentions." Id. Courts are not
permitted to create contracts for the parties, "and can declare
implied covenants to exist only where there is a satisfactory basis
in the express contracts of the parties which makes it necessary to
imply certain duties and obligations in order to effect the
purposes of the parties in the contracts made." Id. at 747-748
(quoting Freeport Sulphur Co. v. Am. Sulphur Royalty Co. of Tex.,
6 S.W.2d 1039, 1040 (Tex. 1928)). "An implied covenant must rest
entirely on the presumed intention of the parties as gathered from
the terms as actually expressed in the written instrument itself,
and it must appear that it was so clearly within the contemplation
of the parties that they deemed it unnecessary to express it . . .
." Id. at 748 (quoting Danciger Oil & Refining Co. of Tex. v.

37

Powell, 154 S.W.2d 632, 635 (Tex. 1941)).  "[A] covenant will not be implied simply to make a contract fair, wise, or just." Id.

Assuming, without deciding, that Defendant could present sufficient evidence on the other three elements of a breach of contract claim, Defendant's breach of contract claim fails as a matter of law because Defendant cannot show that the Independent Contractor Agreement contained an implied covenant not to sue or that Plaintiff breached the contract.

Defendant has not presented sufficient evidence that based on the contract language it was the intention of the parties that there be a covenant not to sue.  There is no evidence that a covenant not to sue "was so clearly within the contemplation of the parties that they deemed it unnecessary to express it . . . in the written terms of the Independent Contractor Agreement." Id. Nor is there a satisfactory basis in the Employment Contract or Independent Contractor Agreement which makes it necessary to imply certain duties and obligations in order to effect the purposes of the parties.

Because the court declines to imply a covenant not to sue in the Independent Contractor Agreement, Defendant's argument that Plaintiff breached the Independent Contractor Agreement fails as a matter of law.  Additionally, because Defendant's breach of contract claim fails as a matter of law, this court does not need

to consider Defendant's motion for summary judgment on Plaintiff's affirmative defenses to the breach of contract counterclaim.

**D.   Motions for Attorney's Fees**

Both parties move for summary judgment on attorney's fees.  As all the issues in this case have not be resolved, this court defers the consideration of the motions for attorney's fees at this time.

### V.   Conclusion

Based on the foregoing, the court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motions for summary judgment, and **DENIES** Defendant's motions for summary judgment.

**SIGNED** in Houston, Texas, this 10th day of November, 2008.

Nancy K. Johnson
United States Magistrate Judge